Levi Rosenbaum
1639 E Chelsea Lane
Gilbert, Arizona 85295
(480) 415-1980
[levirosenbaum@gmail.com](levirosenbaum@gmail.com)
*Pro Se*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Levi Rosenbaum,<br><br>     Plaintiff,<br><br>v.<br><br>Bank of America NA, Sedgwick Claims Management Services, Metropolitan Life Insurance Co.<br><br>     Defendants. | No. 24-6360<br>D.C. No. CV-22-02072-PHX-JAT<br><br>**[Appeal in good faith and to show cause]** |

**Grounds for Appeal**

- **Error of Law**: The trial court's interpretation or application of the law on the statute of limitations was not liberally construed in plaintiff's favor (as required by law) but was limited unjustly to 300 days when the law clearly says ongoing harassment may extend it. This case is not a discreet action but occurred ongoing since the start of plaintiff's employment due to DEI (diversity, equity, and inclusion) preferential treatment; plaintiff was disenfranchised in all of his hiring and promotional opportunities, which was a violation of his civil rights for five years.

1

- **Abuse of Discretion**: The trial court's decision was arbitrary, capricious, and unreasonable.

  The judge gave an extension of time for defendants for vacationing yet denied plaintiff his same request to extend time to make his amended complaint due to disability which slows his response time. Vacationing of executives was favored over a disclosed disability and this blatant unfairness of giving extensions resulted in plaintiff being disenfranchised and felt like a discrimination against him by the judge for having a slowing disability, a clear showing of ableism as shown by the judge mocking plaintiff's "riddled errors." His amended complaint was without counsel and under disability, and time duress, naturally had errors. Plaintiff seeks to have an amended complaint due to this blatant unfairness and discriminatory favoring the elite over the disabled.

- **Insufficient Evidence**: The suggestion that evidence presented was insufficient to support the case is in error. Plaintiff pinpointed which evidence will show cause but defendants willfully are withholding such evidence, and an order to compel discovery is requested.

1. Date(s) of entry of judgment or order(s) you are challenging in this appeal:
September 12, 2024; September 14, 2024; November 8, 2024; November 13, 2024; November 13, 2024; and June 26, 2024 (granting defendant extension due to executives vacations); April 18, 2024 (denying plaintiff extension due to slowness disability).

2. What claims did you raise to the court below?
Plaintiff's third amended complaint alleged various causes of action stemming from his employment at Bank of America. (See generally Doc. 65). Plaintiff alleged seven claims against Bank of America, including retaliation, discrimination based on various protected classes (gender, age, disability, and religious discrimination), failure to

2

reasonably accommodate my Parkinson's disease disability, retaliatory revocation of reasonable accommodations for Parkinson's disease, failure to administer ERISA benefits, breach of fiduciary duty to provide disability benefits, unfair hiring and promotion practices, retaliatory and discriminatory wrongful termination, (See generally Doc. 65). Plaintiff also alleged complaints against MetLife and Sedgwick, Bank of America's benefit claim administrators. (See generally Doc. 65). These claims included "negligence and omission," "wrongful denial of leave benefits," and "failure to consider evidence." (See generally Doc. 65).

3. What do you think the court below did wrong? (You may, but need not, refer to cases and statutes.)

The court ignored my Document 51. The judge ruled for dismissal incorrectly based on 1) plaintiffs' claims being time barred and 2) that plaintiff would not discuss with defendant and 3) denied plaintiff the opportunity to again amend the complaint. This denial of the judge was extraordinary and discriminatory especially in face of requested reasonable accommodations requested by plaintiff to extend time needed to make prior amended complaints due to something out of his control, difficulty due to disability that slows his response time and, being without representation, had slow responses while seeking help from free legal counsel clinics. The court failed to treat plaintiff with any dignity by denying his motions to extend time to amend complaints and also to liberally construe in a qualitative way the claims being not discrete but ongoing harassment long term (which the law allows for extension past 300 days SOL for ongoing harassment). These points are showing good cause for the appeal court to review.
Also, plaintiff did reach out to see if defendants had any settlement and to discuss but they refused and ignored plaintiff so the judge plainly wrote in error repeating defendants' talking points that plaintiff would not meet or confer with defendants. The

3

opposite is true, for years they said they wouldn't talk with me without me suing, they refused to discuss settlement and the woman supposedly reaching out from their firm no longer works for their law firm and I had no remedy to discuss anything unless the court went to the next stage, to discovery to allow plaintiff the receive evidence they are withholding.

The good cause for my appeal also is shown by new evidence due to a complete and total disability approved by SSD administration April 2024.

The judge was informed of the Parkinson's disability, he heard plaintiff's clear requests to accommodate slower response time due to disability, yet the judge then only gave defendants extra time when they asked for an extension. This unfair treatment has a disparate impact by giving extra time for defendants who are not disabled and didn't need time added except for summer vacations of their elite management to work on a response, in contrast with plaintiff's request for extra time needed due to his disability slowing him, a clear bias which the court of appeals can remedy.

There is good cause for appealing the ruling on the statute of limitation because events were not time barred; the lower court judge did not liberally construe the timeline of events as required by law regarding plaintiff's civil rights violations complaints, which if he did he would have qualitatively favored the content of the complaint rather than quantitatively construing the number of times plaintiff sought to amend.

4. Why are these errors serious enough that this appeal should go forward?

The substance of the complaint was dismissed in a shoddy handling of the facts presented by a self-represented plaintiff who is disabled by Parkinson's disease. The law requires a liberal construing of plaintiff's civil rights complaint:

4

1) Plaintiff complained he had ongoing harassment and unfair hiring and promotion that extended from 2015 as he was never promoted and discriminatorily so, for reasons that broke plaintiff's civil liberties and rights.

2) The law suggests that in plaintiff's situation ongoing harassment and discrimination which in this case can extend the statutes of limitations.

3) Plaintiff's complaint if construed liberally should have been granted beyond the 300 days in normal statutes of limitations.

4) Plaintiff did not receive normal treatment in the court but was unfairly limited by the lower court by denying plaintiff's reasonably accommodation due to disability to extend time for his amended complaint while granting defendants who had no disability an extension on their time to respond. A court without disability bias could properly consider this case and allow plaintiff to amend his complaint.

5) Additional documentary evidence proving defendant's discriminatory revocation of Parkinson's disability accommodation is in the possession of defendant, and plaintiff requests an order that defendant give this requested discovery to plaintiff.

Plaintiff seeks of the appeal court an order that

1) Defendants supply discovery requests made by plaintiff so that it may be used in his upcoming brief as it will show sufficient cause by providing known evidence that defendants simply are withholding, that show clear cause that defendants manager was ordered by senior manager to remove disability breaks prior granted him shortly after his complaint meeting. That instant message is evidence that I need to show the cause of retaliatory firing as a result of discrimination that was pervasive and ongoing harassment by BAC.

2) Grant plaintiff to proceed in Forma Pauperis.

3) Grant plaintiff his motion for appointment of counsel due to his disability, if possible.

5

4) Grant plaintiff to amend his complaint

Signed /s/ Levi Rosenbaum  DATE 12.16.2024

Proposed order:

    IT IS ORDERED that the Motion is GRANTED. Defendants will share with Plaintiff discovery items as requested by Plaintiff. Court will grant plaintiff to proceed in Forma Pauperis. Court will grant Plaintiff appointment of counsel.
 IT IS FURTHER ORDERED to grant leave to Plaintiff to file a new amended complaint.

    Dated this ____ of _____, 2024.

6